# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  Donald G. Ophus,           )
                                  )
                                  )   Bankruptcy No. ____14-28899____
                                  )
            Debtor.               )   Chapter ____7____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Nixon Peabody LLP _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: _____ January 27, 2016 [Dkt. 28] effective as of Decembr 2, 2015 _____

Period for Which Compensation is Sought:
From _____ December 30 _____, __2015__   through _____ May 18 _____, __2016__

Amount of Fees Sought:   $ 5,871.00

Amount of Expense Reimbursement Sought:   $ 13.20

This is an:   Interim Application _____        Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:   _____ June 20, 2016 _____                      _____ R. Scott Alsterda _____
                                                                   (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Donald G. Ophus, | ) | Case No. 14-28899 |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

1.  R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

2.  Donald G. Ophus (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2014 [Dkt. 1].

3.  The Trustee filed his Initial Report of Assets on January 4, 2016 [Dkt. 17].

4.  On January 27, 2016, an order was entered approving the employment of Nixon Peabody LLP as counsel for the Trustee [Dkt. 28]. A copy of the Order approving the employment of Nixon Peabody LLP as counsel for Trustee effective December 2, 2015 is attached hereto as Exhibit "A."

**CASE SUMMARY**

5.  The initial meeting of creditors was scheduled for September 25, 2014, however the Debtor did not appear and the Trustee continued the meeting to October 30, 2014.

6.  The Debtor appeared with his counsel at the continued meeting of creditors and was examined by the Trustee.

7. Based upon the Debtor's Schedules and Statements, as well as the Trustee's examination of the Debtor, the Trustee filed a Report of No Distribution on October 30, 2014 [Dkt. 14].

8. Immediately after the Trustee filed the Report of No Distribution, he was contacted by counsel for FirstMerit who advised the Trustee that the Debtor may have certain unscheduled assets and undisclosed pre-petition transfer.

9. Based upon the information that the Trustee received from counsel for FirstMerit, the Trustee withdrew the Report of No Distribution.

10. Counsel for FirstMerit provided copies of the Debtor's citation and deposition transcripts taken by FirstMerit which described some unscheduled assets and an undisclosed transfer.

11. Among the unscheduled assets was an annuity contract owned by the Debtor and issued by ELCO Mutual Life and Annuity Insurance Company ("ELCO") with a value of about $85,000.00.

12. On January 4, 2016, the Trustee filed his Initial Report of Assets [Dkt. 17] and the Court set a claims bar date of April 6, 2016 [Dkt. 20].

13. In order to recover the value of the ELCO annuity, the Trustee employed FirstMerit's counsel as the Trustee's Special Counsel [Dkt. 18 and 22].

14. Thereafter the Trustee with the assistance of his Special Counsel filed a motion seeking an order requiring ELCO to turnover the value of the Debtor's annuity to the Trustee [Dkt. 23].

15. On March 15, 2016 an order was entered directing ELCO to turnover the value of the Debtor's annuity to the Trustee [Dkt. 33].

16. Thereafter the Trustee received a check from ELCO in the amount of $80,454.84 which was deposited into the Trustee's bank account.

17. The Trustee and his counsel have reviewed the proofs of claim filed in this case, the Trustee has reviewed the tax return filing requirements and the Trustee is ready to distribute the funds on hand.

## DESCRIPTION OF LEGAL SERVICES

18. The nature and extent of the services which NP provided to the Trustee for December 30, 2015 through May 18, 2016 are summarized in the following paragraphs.

19. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 6.80 hours of services to the Trustee with a value of $3,502.00 related to the Trustee's review and recovery of assets to be administered in the Chapter 7 bankruptcy case. These services included reviewing the Debtor's citation and discovery transcripts related to the unscheduled assets and undisclosed pre-petition transfer, as well as the ELCO documents. NP also reviewed and revised the draft turnover motion and proposed orders. The services also included several court appearances on the turnover motion and the hearings on the motion of Debtor's counsel seeking to withdraw from the case.

20. <u>Relief from Stay/Adequate Protection Proceedings (B-140)</u>. NP provided 0.20 hours of services to the Trustee with a value of $103.00 related to Wells Fargo's motion to modify the Stay to pursue a foreclosure of the Debtor's residence. These services included a telephone conference with counsel for Wells Fargo to discuss the proposed Stay relief.

21. <u>Fee/Employment Applications (B-160)</u>. NP provided 2.30 hours of services to the Trustee with a value of $1,184.50 related to the Trustee's employment of legal counsel and special counsel. These services included reviewing and revising the Trustee's motion to employ special counsel to recover the value of the Debtor's annuity contract with ELCO. NP also

3

Case 14-28899    Doc 41    Filed 07/26/16    Entered 07/26/16 13:13:55    Desc Main
                        Document      Page 5 of 6

assisted the Trustee by reviewing a conflict check and drafting the Trustee's motion to employ NP as his bankruptcy counsel.

22.     <u>Other Contested Matters (excluding assumption/rejection motions (B-190)</u>. NP provided 0.30 hours of services to the Trustee with a value of $154.50 related to FirstMerit's dischargeability complaint against the Debtor. NP reviewed the order dismissing the complaint.

23.     <u>Tax Issues (B-240)</u>. NP provided 0.90 hours of services to the Trustee with a value of $463.50 related to various tax issues. These services included a review of ELCO's historical financial summary of the Debtor's annuity contract and correspondence with a tax accountant regarding the Trustee's need to file tax returns.

24.     <u>Claims Administration and Objections (B-310)</u>. NP provided 0.90 of services to the Trustee with a value of $463.50 related to the claims of various creditors. These services included a review of the proofs of claims including loan documentation filed by FirstMerit and Cornerstone Bank.

25.     <u>Summary of Services</u>. The services provided to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 6.80 | $3,502.00 |
| Relief from Stay/Adequate Protection Proceedings | B-140 | .20 | $103.00 |
| Fee/Employment Applications | B-160 | 2.30 | $1,184.50 |
| Other Contested Matters | B-190 | 0.30 | $154.50 |
| Tax Issues | B-240 | 0.90 | $463.50 |
| Claims Administration and Objections | B-310 | 0.90 | $463.50 |
| **TOTAL** | | **11.40** | **$5,871.00** |

26.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

27.  The time expended and services rendered by the individual NP attorney is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 11.40 | 515.00 | $5,871.00 |
| **TOTAL** | **11.40** |  | **$5,871.00** |

28.  Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. This expense includes copying at 10 cents per page for a total amount of $13.20.

29.  Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

30.  At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $5,871.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $13.20.

DATE: June 20, 2016                     Respectfully Submitted

                                        NIXON PEABODY LLP

Of Counsel:                             /s/ R. Scott Alsterda
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com