**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**Donald Ophus,**<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 14-bk-28899<br><br>Hon. Janet Baer |

**COVER SHEET FOR FIRST AND FINAL FEE
APPLICATION OF FACTORLAW FOR COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | R. Scott Alsterda, Chapter 7 Trustee for the estate of Donald Ophus. |
| Period for Which Compensation is Sought: | January 11, 2016 through May 25, 2016. |
| Amount of Fees Sought: | $ 20,113.71 |
| Amount of Expense Reimbursement Sought: | $ 0.00 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $ 0.00 .

{00061938}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DONALD OPHUS,<br><br>DEBTOR. | BANKRUPTCY NO. 14-28899<br>HON. JANET S. BAER |

### FIRST AND FINAL APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for R. Scott Alsterda, not individually, but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Donald Ophus (the "*Debtor*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$20,113.71** for legal services performed by FactorLaw during the period of January 11, 2016, through and including May 25, 2016 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00061938}

## BACKGROUND

### I.   Prepetition Litigation.

4.   On January 29, 2013, judgment was entered in favor of FirstMerit Bank, N.A. ("*FirstMerit*") and against the Debtor in the amount of $1,402,968.26 (the "*Judgment*") by the Circuit Court of DuPage County, Illinois, in the case *FirstMerit Bank, v. Ork II Properties, et al.*, Case No. 11-ch-4250 (the "*State Case*").

5.   FirstMerit subsequently initiated supplementary proceedings to conduct discovery and to aid in execution of the Judgment.

6.   At the Debtor's citation examination conducted on June 23, 2014, the Debtor testified that in or about September of 2012 he received an inheritance from his father of about $105,000.

7.   The Debtor also testified shortly thereafter that the Debtor used $75,000 of the inheritance money to purchase an annuity (the "*Annuity*") with himself as the owner and his wife as the beneficiary.

### II.   The Debtor's Bankruptcy Filing.

8.   On August 6, 2014 (the "*Petition Date*"), the Debtor filed a petition for relief under chapter 7 of title 11 of the United States Code.

9.   At the 341 meeting for the bankruptcy case, the Debtor failed to disclose the fact that he owned the Annuity worth more than $75,000.

10.   FirstMerit filed a complaint under § 727 of the Bankruptcy Code objecting to the Debtor's discharge in this case, due to the Debtor's repeated nondisclosure of the Annuity.

11.   FirstMerit dismissed its § 727 case after the Debtor turned over the Annuity.

### III.   FactorLaw's Employment to Recover the Annuity for the Estate.

12.   On January 11, 2016, an order was entered granting the Trustee's application to employ FactorLaw as special counsel for the purpose of pursuing a turnover of the Annuuity, and the Estate's interest in the Annuity (the "*Retention Order*").

{00061938}

13. Pursuant to the Retention Order, FactorLaw is entitled to a 25% contingency fee on any amount recovered for for the Estate.

14. On behalf of the Trustee, FactorLaw filed a motion for turnover of the Annuity, and an order was granted for the same on March 16, 2016.

15. In compliance with the motion for turnover, the Estate received $80,454.84, the current value of the Annuity.

## FEE APPLICATION

### I. Compensation Agreement

16. This is FactorLaw's first and final application for compensation.

17. Given the recovery of $80,454.84 by the Estate, FactorLaw is entitled to a fee of $20,113.71, *i.e.*, 25% of $80,454.84.

### II. FactorLaw's continued retention during Application Period was appropriate.

18. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

19. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee and FirstMerit, as disclosed in the application to retain.

20. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

21. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such

{00061938}

services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

22. Section 328(a) of the Bankruptcy Code permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under Section 327 "on any reasonable terms and conditions of employment, including ... *on a contingent fee basis.*" 11 U.S.C. § 328(a)(emphasis added).

23. Section 328 was enacted precisely for situations like the present; where the lodestar amount is less than the amount owed pursuant to a contingency fee arrangement. In *In re Merry-Go-Round Enters.*, 244 B.R. 327, 330 (Bankr. D. Md. 2000), a law firm represented the Chapter 7 trustee as special counsel and when the lawsuit settled requested approval of a $ 71,200,000 contingent fee, representing its 40% contingent fee agreement with the trustee. The debtors' largest unsecured creditor objected, contending that an affirmative post-recovery reasonableness lodestar analysis under 11 U.S.C.S. § 330(a) was required. The bankruptcy court disagreed, and awarded the full $71,200,000, holding that a *de novo* reasonable fee determination and lodestar analysis of what fee should be awarded the applicant was neither required nor appropriate in light of Section 328.

24. The Court approved FactorLaw's retention on a contingency fee basis with regard to this Case.

### NOTICE AND NO PRIOR REQUEST

25. Twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's

{00061938}

creditors; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

26. No previous fee applications have been submitted by the FactorLaw and FactorLaw has not received any funds prior to this fee application to compensate it for its services to the Estate. This is thus FactorLaw's first and final fee application.

## CONCLUSION

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$20,113.71**;

B. Authorizing the Trustee to pay FactorLaw the allowed fees as administrative expenses of the Estate pursuant to 11 U.S.C. §§ 331 and 507; and

C. Granting such other relief as the Court deems just and equitable.

Dated: June 13, 2016         **THE LAW OFFICES OF WILLIAM J. FACTOR, LTD.**

By: /s/ David Paul Holtkamp
One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
David Paul Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7227
Fax: (847) 574-8233

{00061938}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Donald G. Ophus<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   14-28899<br><br>Chapter: 7<br>Honorable Janet S. Baer |

**Order Approving the Trustee's Application to Employ Special Counsel**

This matter coming before the Court on the Trustee's Application to Employ Sara E. Lorber and FactorLaw (collectively, "FactorLaw") as special counsel (the "Application"), the Court having jurisdiction over this matter, sufficient notice having been given, and the Court being duly advised in the premises,

IT IS HEREBY ORDERED THAT:

The Application is approved and the Trustee is authorized to retain FactorLaw as special counsel on the terms and conditions set forth in the Application.

Enter:  *Janet S. Baer*

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated:  January 11, 2016

**Prepared by:**

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233