UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
§
OPHUS, DONALD G. §    Case No. 14-28899 JSB
§
Debtor §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that R. SCOTT ALSTERDA, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
        United States Bankruptcy Court
        219 South Dearborn Street
        Chicago, IL 60604

    Any person wishing to object to any fee application that has not already been approved or to the Final Report must appear at the hearing. A hearing on the fee applications and any objection to the Final Report will be held on Tuesday, August 30, 2016 at 10:00 a.m. in Courtroom 615, United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604

    If no objections are filed, upon entry of any order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 07/26/2016        By: /s/ R. Scott Alsterda

*R. SCOTT ALSTERDA*
*70 WEST MADISON STREET*
*SUITE 3500*
*CHICAGO, IL 60602-4283*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
§
§
OPHUS, DONALD G. § Case No. 14-28899 JSB
§
Debtor §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ 80,454.84 |
| and approved disbursements of | $ 0.00 |
| leaving a balance on hand of[1] | $ 80,454.84 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000003A | FirstMerit Bank | $ 200,000.00 | $ 200,000.00 | $ 0.00 | $ 0.00 |
| 000005 | Cornerstone Bank | $ 1,738,277.50 | $ 1,738,277.50 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to secured creditors | $ 0.00 |
| Remaining Balance | $ 80,454.84 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: R. SCOTT ALSTERDA | $ 7,272.74 | $ 0.00 | $ 7,272.74 |
| Trustee Expenses: R. SCOTT ALSTERDA | $ 0.48 | $ 0.00 | $ 0.48 |
| Attorney for Trustee Fees: Nixon Peabody LLP | $ 5,871.00 | $ 0.00 | $ 5,871.00 |
| Attorney for Trustee Expenses: Nixon Peabody LLP | $ 13.20 | $ 0.00 | $ 13.20 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: Law Offices of William J. Factor, Ltd. | $ 20,113.71 | $ 0.00 | $ 20,113.71 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 33,271.13 |
| Remaining Balance | $ 47,183.71 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,233,469.37 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Atlas Acquisitions LLC (AT&T Telecom) | $ 250.40 | $ 0.00 | $ 5.29 |
| 000002 | Fifth Third Bank | $ 535.71 | $ 0.00 | $ 11.32 |
| 000003B | FirstMerit Bank | $ 2,232,683.26 | $ 0.00 | $ 47,167.10 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 47,183.71 |
| Remaining Balance | $ 0.00 |

      Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

      Prepared By: /s/ R. SCOTT ALSTERDA, TRUSTEE

R. SCOTT ALSTERDA  
70 WEST MADISON STREET  
SUITE 3500  
CHICAGO, IL 60602-4283

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.